NOT FOR PUBLICATION                                                                          CLOSED

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **THOMAS FIGUEROA**, Pro se, | |
| | **OPINION** |
| Plaintiff, | |
| | Civ. No. 04-4724 (WHW) |
| v. | |
| **KATHRYN E. MACFARLAND,** Attorney General of New Jersey, et. al., | |
| Respondents. | |

**Walls, District Judge**

      Petitioner Thomas Figueroa ("Figueroa" or "Petitioner"), an inmate at South Woods State Prison in Bridgeton, New Jersey, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For reasons discussed below, the petition for habeas corpus relief is dismissed as time barred, pursuant to 28 U.S.C. §§ 2243 and 2244(d).

## BACKGROUND

**Procedural and Factual Review**

      A Passaic County indictment charged Petitioner with the April 23, 1994, armed robbery of Wilfredo LaFontaine in a Paterson, New Jersey mini-mall parking lot.  Petr. Br. at 1, 5.  The

1

**NOT FOR PUBLICATION**                                                                                    **CLOSED**

specific charges included first-degree armed robbery under N.J.S.A. 2C: 15-1 (Count One) and possession of a weapon for an unlawful purpose, a second-degree violation of N.J.S.A. 2C: 39-4 (Count Two).  Id. at 1.  On April 30, 1996, after a four-day trial before the Honorable Marilyn C. Clark, New Jersey Superior Court, Passaic County, the jury convicted Smith on both counts.  Id.  On June 14, 1996, Petitioner was sentenced to an extended term of thirty-years with a fifteen-year period of parole ineligibility.  Id.  The court also denied Petitioner's motion for a new trial.  Pet. for Writ of Habeas Corpus at 4.

Figueroa then filed his direct appeal with the Superior Court of Ne w Jersey, Appellate Division ("Appellate Division").  Id. at 3.  Petitioner sought the reversal of his conviction on four grounds: (1) the admission into evidence of a discolored mug shot; (2) the trial court's informing the jury of Petitioner's arrest on outstanding warrants and the court's failure to instruct the jury on the use of this evidence; (3) the trial court's error in denying Petitioner's motion for a new trial; and (4) Petitioner's excessive sentence, particularly given the imposition of an extended term of imprisonment.  Id. at 3.1, ¶ 9(d).  In a supplemental *pro se* brief, Figueroa also claimed that the State's evidence was legally insufficient to sustain his conviction and that he received ineffective assistance of counsel.  Id.  On February 27, 1998, the Appellate Division affirmed Figueroa's conviction on both counts.  Id. at 3; State v. Figueroa, A-101-96T4.  Figueroa then filed a petition for certification with the New Jersey Supreme Court, which was denied on May 20, 1998.  Id.; State v. Figueroa, 45-674.  Figueroa did not file a petition for a writ of certiorari with the United States Supreme Court.  Id.

NOT FOR PUBLICATION                                                                    CLOSED

In his final appeal before submission to this Court, Figueroa filed a petition for post-conviction relief with the trial court on June 18, 2001.  Id.  The Petitioner again raised the issue of ineffective representation and additionally asserted that he was denied due process as a result of prosecutorial misconduct.  Id. at 3.2, ¶ 11(a)(3).  After a hearing on November 9, 2001,[1] the Superior Court of New Jersey denied the application for relief.  Petr. Br. at 2.  Petitioner filed a notice of appeal on February 28, 2002 and the Appellate Division affirmed the denial of post-conviction relief in an opinion dated October 29, 2003.  Id.; State v. Figueroa, A-3159-01T4.  He then filed a petition for certification in the Supreme Court of New Jersey on February 3, 2004, although the record is unclear as to the result of this petition.  Id.  On May 25, 2004, Figueroa filed a writ of habeas corpus in the United States District Court, which was dismissed without prejudice on August 9, 2004 at the Petitioner's request.  Id.; State v. Figueroa, 04-2452.  He then filed this application for a writ of habeas corpus on September 27, 2004 and was granted permission by this Court to proceed *in forma pauperis* on October 6, 2004.  Id.  A memorandum in support of the petition was also filed on or about February 9, 2005.  Petr. Memo at 64.

DISCUSSION

A.      **Standard for Review under 28 U.S.C. § 2254.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 26, 1996, amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 (2004).  Courts are required to apply the amended AEDPA for

---

[1] In his Petition for Writ of Habeas Corpus, Petitioner lists December 10, 2001 as the date the order was decided and filed.  Pet. for Writ of Habeas Corpus at 4.

3

**NOT FOR PUBLICATION**                                                                                               **CLOSED**

petitions filed after the statute's effective date.  See Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) (citing Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997)).  Under 28 U.S.C. § 2254(a) (2001), a federal court is required to consider only petitions filed on behalf of individuals in custody pursuant to a state court judgment that are grounded on a violation of the Constitution or the laws or treaties of the United States.  Moreover, the petitioner must "exhaust" all of his claims in the state court before petitioning the federal court.  See 28 U.S.C. § 2254(b) (2004).

The AEDPA increased the deference federal courts must give to factual findings and legal determinations of the state courts.  See Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Under the Supreme Court's decision in Williams v. Taylor, 120 S. Ct. 1495 (2000), federal corpus relief is denied to any claim which was adjudicated on the merits in a state court proceeding, unless such application:

> (1)  resulted in a decision that was contrary to, or involved in an unreasonable application of , clearly established federal law, as determined by the Supreme Court; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Id., 28 U.S.C. § 2254(d)(1), (2).

Under the first prong of the test, a court must make separate findings for the "contrary to" and "unreasonable interpretation" clauses.  Williams, 120 S. Ct. 1519.  The federal habeas court must first determine whether the state court decision was "contrary to" Supreme Court precedent.  See Keller v. Larkins, 251 F.3d 408, 417-418 (3d Cir. 2001).  In the absence of such a showing, the federal habeas court must then ask whether the state court decision represents an

**NOT FOR PUBLICATION**                                                              **CLOSED**

"unreasonable application" of the Supreme Court precedent.  Id.  The appropriate inquiry to be made under the "unreasonable application of" standard is "whether the state court's application of clearly federal law was objectively reasonable; an incorrect application alone does not warrant relief."  Williams, 120 S. Ct. at 1521-22.  A state court decision can involve an "unreasonable application" of Supreme Court precedent if the state court identifies the correct legal rule, but unreasonably applies it to the facts of the particular state prisoner's case.  Id.  There is a presumption of correctness imposed on the factual findings of the state court and the findings are rebuttable only through clear and convincing evidence.  28 U.S.C.A. § 2254(e)(1).  Clear and convincing evidence is "so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction, without hesitancy."  U.S Fire Ins. Co. v. Royal Ins. Co., 759 F.2d 306, 309 (3d Cir. 1985).

The second prong of the Williams test affords habeas relief if the petitioner can show that the state court decision was based on an unreasonable determination of facts in light of the evidence presented at trial or at a hearing.  Williams, 120 S. Ct. at 1523.  However, factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  Werts, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

NOT FOR PUBLICATION                                                                        CLOSED

B.      Analysis

   *1. Statute of Limitations*

On March 31, 2004, the Respondents filed a Motion to Dismiss the Petition for Habeas Corpus submitting that Figueroa's petition is time-barred pursuant to the statute of limitations set forth in § 2244(d) of the AEDPA. (Respts.'s Brief at 1). The section provides, in relevant part

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . . .
>
> > (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under § 2244(d), an evaluation of the timeliness of a § 2254 petition first requires a determination of when the pertinent judgment became "final." A state court criminal judgment becomes "final" and the statute of limitations period begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires."[2] Kapral v. U.S., 166 F.3d 565, 570-71 (3d Cir. 1999); see also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000), Morris v. Horn, 187 F.3d 333, 337 (3d Cir. 1999).

Figueroa was convicted on June 16, 1996. The Appellate Court affirmed this conviction

---

[2] Petitioner has a 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz, 204 F.3d at 419.

**NOT FOR PUBLICATION**                                                                                             **CLOSED**

in February of 1998 and the Supreme Court of New Jersey denied his petition for certification on May 20, 1998. Upon the New Jersey Supreme Court's denial of certification, Figueroa had ninety days to seek a writ of certiorari from the United States Supreme Court. Thus, the one-year statute of limitations on Figueroa's application for writ of habeas corpus did not start to run until the expiration of the ninety-day period on August 18, 1998, making Figueroa's September 27, 2004 habeas petition untimely by more than five years.[3]

   *2. Statutory Tolling*

"The AEDPA's one-year period of limitation is not an absolute limit." Schlueter v. Varner, 384 F.3d 69, 75 (3d Cir. 2004) (quoting Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004)). Rather it is subjected to two possible tolling exceptions. One such exception is statutory tolling under § 2244(d)(2), which provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), Jones, 195 F.3d at 158. An application for post-conviction relief is considered "pending" within the meaning of §2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. Swartz, 204 F.3d at 424. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of

---

[3] Pursuant to the one-year statute of limitations under §2244(d)(2), Petitioner had until August 18, 1999 (on or about) to file his federal habeas petition.
  On February 2, 2005, Figueroa requested that this Court allow his Memorandum of Law in support of his Writ of Habeas Corpus be filed with a date of January 31, 2005. This request is moot given that his federal habeas petition was filed after the statute of limitations period had expired.

**NOT FOR PUBLICATION** **CLOSED**

limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. D.A. of the County of Phila., 247 F.3d 539, 542 (3d Cir. 2001).

Although Figueroa filed a petition for state collateral review, this filing did not toll the one-year statute of limitations under the AEDPA, because post-conviction relief petition that is filed *after* the AEDPA statute of limitations has run does not toll the statute. While the Third Circuit has not spoken directly on this issue, other circuits have provided some guidance. See eg. Schlueter, 384 F.3d at 25 (rejecting petitioner's claim that a motion to restore appellate rights filed after the AEDPA limitations period had expired would trigger statutory tolling). In Webster v. Moore, the Eleventh Circuit held that since a post-conviction petition must be "pending" in order to toll the limitations period, a petition that is filed after the federal limitations period "cannot toll that period because there is no period remaining to be tolled." 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001) (affirming that a state motion for collateral review filed after the expiration of the federal statue of limitations does not toll the statute). The Ninth Circuit also addressed this issue in Jimenez v. Rice, where the Court noted that only "a state habeas petition filed *before* the AEDPA statute of limitations begins to run tolls the limitation period." 276 F.3d 478, 482 (9th Cir. 2000) (emphasis added). More recently, in Chhoeum v. Shannon, a court in this district found the federal magistrate judge "correctly calculated the applicable statue of limitations" when he determined that the petitioner's state PCR petition filed after the expiration of the AEDPA limitations period "had no impact on statutory tolling." 219 F. Supp. 2d 649, 652 (E.D.Pa. 2002).

NOT FOR PUBLICATION                                                                  CLOSED

Figueroa would be entitled to statutory tolling had he filed his state post-conviction petition before August 18, 1999.  However, Figueroa did not file his PCR petition until June 18, 2001, more than a year after the AEDPA statute of limitations had expired.  As such, Petitioner's request for state collateral review did not toll the federal statue of limitations, rendering his habeas petition time barred.

### 3. Equitable Tolling

The AEDPA's one-year period of limitations is also subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones, F.3d at 159 (3d Cir. 1999); Miller v. N.J. Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling is proper "only when the principle of equality would make the rigid application of a limitation period unfair." Miller, 145 F.3d at 618.  A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. Diguglielmo, 125 S. Ct. 1807 (2005).  The Third Circuit has enumerated three such circumstances that would permit equitable tolling:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights, but in the wrong forum.  Jones, 195 F.3d at 159.  Attorney error, inadequate research, miscalculation, or any other mistakes do not qualify in non-capital cases as the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Fahy, 240 F.3d at 244.

**NOT FOR PUBLICATION**                                                                                  **CLOSED**

      Figueroa submitted his habeas petition on September 27, 2004, more than five years after the expiration of the federal statute of limitations.  As Figueroa did not respond to the government's motion to dismiss, he offers no explanation extraordinary or otherwise for equitable tolling.[4]  If Figueroa miscalculated the statutory period, miscalculation does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244.  Moreover, ignorance of the law, even for an incarcerated *pro* se petitioner, generally does not excuse untimely filing.  Jones, 195 F.3d at 159-60.  As the record, absent any evidence to the contrary, does not demonstrate any extraordinary circumstances that would allow equitable tolling, Figueroa has also failed to demonstrate requisite diligence in his appeal.  See Pace, 125 S. Ct at 1815 (noting that as petitioner "waited years, without any valid justification" to file his federal habeas petition, "[u]nder the long-established principles, petitioner's lack of diligence precludes equity's operation.").  In addition, the Third Circuit has held "that courts must be sparing in their use of equitable tolling." Seitzinger v. Reading Hospital and Medical Center, 165 F.3d 236 (3d Cir. 1999).  As such, the Petitioner is not entitled to equitable tolling and his request for a writ of habeas is time barred.

      As the Petitioner filed his habeas petition beyond the federal deadline and was not entitled to statutory or equitable tolling for any of that period, his petition is barred by the AEDPA state of limitations.  Accordingly, Figueroa's §2254 petition will be dismissed as time-barred under §2244(d)(1).

---

[4]  Respondents filed a Motion to Dismiss the Petition for Habeas Corpus, and an affidavit and brief in support of the motion on March 31, 2005.  To date, the Petitioner has not filed an opposition brief.

NOT FOR PUBLICATION                                                                  CLOSED

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. §2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000); United States v. Cepero, 224 F.3d 256, 262-64 (3d Cir. 2000) (en banc).  This requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack, 529 U.S. at 483 (quoting Barefoot v. Estelle, 463 U.S. 880, 894 (1983)) (internal quotation marks and citation omitted).  Where a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim "and the district court is correct to invoke [the procedural bar] to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id. at 484.

The Court finds that because Petitioner's habeas petition is time-barred, a certificate of appealability shall not issue.

## CONCLUSION

For the reasons states in the opinion, Petitioner's § 2254 habeas petition is time-barred. Respondents' motion is GRANTED and a certificate of appealability shall not issue.

**s/ William H. Walls, U.S.D.J.**